# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANA GONZALEZ o/b/o S.J.G. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of | : | |
| Social Security | : | NO. 22-3275 |

**OPINION**

SCOTT W. REID                                                                               DATE: April 11, 2023
UNITED STATES MAGISTRATE JUDGE

Plaintiff Diana Gonzalez ("Gonzalez"), acting on behalf of her minor child S.J.G., brought this action under 42 U.S.C. §405 seeking review of the Commissioner of Social Security's decision denying her Child Disability Claim. She has filed a Request for Review to which the Commissioner has responded with a Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"). As explained below, I conclude that Gonzalez's Request for Review should be denied, and the Commissioner's Motion to Dismiss granted.

I.    *Factual and Procedural Background*

Gonzalez filed an application for Supplemental Social Security Income benefits under Title XVI of the Social Security Act on December 4, 2019, alleging disability as of December 15, 2015. Doc. 8-1 at 8. The state agency denied relief on March 13, 2020, and, upon reconsideration, again denied relief on October 6, 2020. *Id*. Gonzalez requested a hearing before an Administrative Law Judge on November 17, 2020. *Id.* at 8.

The ALJ held a hearing on February 18, 2021.  *Id.*  On April 14, 2021, the ALJ again denied relief, finding that S.J.G. was not disabled.  *Id.* at 14.  Gonzalez requested review of the ALJ's decision.  The Appeals Council (AC) denied the Request for Review on April 21, 2022.  *Id.* at 19.  The denial notice was sent by mail to Gonzalez and her attorney.  *Id.*  It informed Gonzalez of her right to commence a civil action within 60 days of receipt of the notice and advised her that if she could not file for court review within that time, she could ask the AC to extend her time to file for "good reason."  *Id.* at 20.  Gonzalez did not request an extension of time to file.  *Id.* at 3.

Gonzalez filed her complaint in this Court on August 15, 2022.  *See* Doc. 2.  Gonzalez moved for the undersigned to appoint counsel.  *See* Doc. 3.  On August 18, 2022, the undersigned granted Gonzalez's motion and ordered that the Clerk of Court place her case on the Social Security Panel website for selection by an attorney.  *See* Doc. 6.  On October 14, 2022, the Commissioner responded to Gonzalez's complaint by filing a motion to dismiss it as untimely.  *See* Doc. 8.

No attorney on the Social Security Panel accepted Gonzalez's case.  On February 16, 2023, 182 days after Gonzalez's case was placed on the Panel, the undersigned entered an Order stating that:

> [I]t is ORDERED that this case shall be REMOVED from the Social Security Panel because no attorney has volunteered to accept appointment in this case.  Plaintiff must represent herself at this time if she seeks to proceed with this case.  In the event that Plaintiff chooses to represent herself, she must respond to Respondent's Motion to Dismiss within 45 days of the date of this Order.

Doc. 9.  Gonzalez's time to respond expired on April 3, 2023.  She did not file a response.

II.     *Relevant Law*

Under 42 U.S.C. § 405(g), an individual who seeks AC review must file a Request for Review within 60 days of receiving the denial notice.  42 U.S.C. § 405(g).  There is a presumption that the claimant received the denial notice from the AC within five days of its mailing.  *See* Doc. 8-1 at 20. The burden is on the claimant to rebut the presumption of timely receipt.  *See Garcia v. Comm'r of Soc. Sec.*, 53 Fed. Appx. 192, 195 (3d Cir. 2002).  This sixty-day time limit "is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually," and, because it is a statute of limitations, it "must be strictly construed."  *Bowen v. City of New York*, 476 U.S. 467, 479, 481 (1986).

Equitable tolling of the limitations period is "rare," but can be applied "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."  *Id.* at 476; *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994).  A "plaintiff bears the burden of establishing that equitable tolling applies." *Courtney v. La Salle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997).

III.    *Discussion*

Here, the AC's denial notice was sent to Gonzalez on April 21, 2022.  Doc. 8-1 at 19. Because Gonzalez did not indicate that she received the notice at a later date, the sixty-day clock began ticking five days later, on April 26, 2022.  Gonzalez had sixty days to initiate this action before the limitations period expired on June 25, 2022.  However, Gonzalez's complaint was not filed until August 15, 2022—51 days after the expiration of this limitations period.  Gonzalez did

3

not request an extension to this limitations period, and has not established that equitable tolling applies.

IV.     *Conclusion*

Gonzalez's complaint is untimely. She did not allege any facts that would justify equitable tolling. I will therefore grant the Commissioner's Motion to Dismiss.

BY THE COURT:

*/s/ Scott W. Reid*

_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE